**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**

**TAMMY L. FAY,**

**v.**                                                    **Civil Action No:  3:13-cv-00085-REP**

**BANK OF AMERICA, N.A.,
EQUIFAX INFORMATION SERVICES, LLC.,
TRANS UNION, LLC., and EXPERIAN INFORMATION
SOLUTIONS, INC.**

**PLAINTIFFS' F.R.C.P. 26(a)(1) DISCLOSURES**

COMES NOW the Plaintiff, **TAMMY L. FAY**, by counsel, and makes the following

disclosures:

**I.  Individuals likely to have discoverable information:**

1.    Plaintiff, Tammy L. Fay

      ***All facts.***

2.    Employees of Bank of America Home Loans
      f/k/a BAC Home Loans Servicing, LP
      Customer service Correspondence CA6-919-01-41
      P.O. Box 5170
      Semi Valley, CA 93062-5170
      (866) 669-6607

      ***All facts regarding the subject matter of the Complaint***

3.    Employees of Equifax Information Services, LLC.
      c/o John Willard Montgomery, Jr.
      Montgomery & Simpson, LLLP
      2116 Dabney Rd., Suite A-1
      Richmond, VA 23230
      Telephone: (804) 355-8744

      ***All facts relating to Plaintiff's Credit Report, Plaintiff's dispute, and
      BOA's reporting & verification of derogatory mortgage account and the
      subject matters as outlined in the Complaint.***

1

4.      Employees of Trans Union, LLC.
        c/o Michael Robert Ward, Esq.
        Morris & Morris, P.C.
        11 S. 12th Street, 5th Floor
        P.O. Box 30
        Richmond, VA  23218
        (804) 344-8359

                *All facts relating to Plaintiff's Credit Report, Plaintiff's dispute, and
                BOA's reporting & verification of derogatory mortgage account and the
                subject matters as outlined in the Complaint.*

5.      Employees of Experian Information Solutions, Inc.
        c/o David Anthony, Esq.
        TROUTMAN SANDERS, LLP
        1001 Haxall Point
        P.O. Box 1122
        Richmond, VA 23219
        (804) 697-5410

                *All facts relating to Plaintiff's Credit Report, Plaintiff's dispute, and
                BOA's reporting & verification of derogatory mortgage account and the
                subject matters as outlined in the Complaint.*

6.      Rebecca Coburn
        Bank of America
        Mortgage Service Specialist Lead
        Home Retention Division
        Loan Modification Team
        1-214-209-7747

                *All facts regarding communications with the Plaintiff, Plaintiff's loan
                modification, Plaintiff's unapplied mortgage payments held in partial
                account and correspondence and e-mails with the Plaintiff.*

7.      Michael Ray Villa
        Mortgage Servicing Specialist III
        Bank of America Home Loans
        Default Servicing Complaint Resolution
        1-877-430-1431 ext. 14509

                *All facts regarding communications with the Plaintiff regarding her
                loan modification.*

2

8.      Viola Floyd
        Bank of America Employee

        ***All facts regarding communications with the Plaintiff regarding her loan modification in August 2010.***

9.      Ebony (last name not furnished in conversation)
        Bank of America Employee

        ***All facts regarding communications with the Plaintiff on or about August 30, 2010***

10.     Donna (last name not furnished in conversation)
        Bank of America Employee

        ***All facts regarding communications with the Plaintiff in September 2010 regarding information faxed to BOA by the Plaintiff to the furnished fax number as instructed by BOA employees.***

11.     TJ (last name not furnished in conversation)
        Bank of America Employee

        ***All facts regarding phone conversation with the Plaintiff in September 2010 regarding information faxed to BOA by the Plaintiff to the furnished fax number as instructed by BOA employees.***

12.     Heather
        Bank of America Employee

        ***All facts regarding phone conversation on or about September 2, 2010 regarding fax journal to be provided to Viola Floyd as proof that Plaintiff had faxed in the required information as instructed and e-mail Heather forwarded to Viola Floyd regarding same.***

13.     Jose Hernandez
        Bank of America, Collections Executive Response Team
        8521 Fallbrook Avenue
        Suite 275
        West Hills, CA  91304

        ***All facts regarding Plaintiff's home loan modification and correspondence with the Plaintiff.***

14.  Employees of Bank of America Home Loans
7105  Corporate Drive
Plano, TX  75024

*All facts relating to the Notices of Intent to Accelerate forwarded to the Plaintiff.*

15.  Employees at BAC Home Loans Servicing, LP
P.O. Box 5170
Simi Valley, CA  93065

*All facts regarding BOA's servicing of Plaintiff's mortgage account.*

16.  Employees at BAC Home Loans Servicing, LP
450 American Street
Simi Valley, CA  93062-5170

*All facts regarding BOA's servicing of Plaintiff's mortgage account.*

17.  Employees of  Bank of America Home Loans
P.O. Box 660694
Dallas, TX 75266-0694
(800) 669-6607

*All facts regarding BOA's servicing of Plaintiff's mortgage account.*

18.  Karla York
Customer Advocate
Office of the CEO and President
Bank of America
100 North Tyron Street
Charlotte, NC  28255-0001

*All facts regarding correspondence dated March 9, 2011 forwarded to the Plaintiff with regard to the Plaintiff's OCC Complaint.*

19.  Deborah Cunningham
Workout Negotiator, Bank of America
1-214-209-7776

*All facts regarding Plaintiff's loan modification, investor approval and request for credit correction on or about December 8 and 9, 2010. (Pursuant to March 9, 2011 letter in response to OCC Complaint from Karla York, Customer Advocate, Office of the CEO and President.)*

20. John DeAnda
    Year End Statements Department
    Bank of America

    *All facts regarding the reversal of Plaintiff's payments for 2010 resulting in the reflection that the Plaintiff paid zero in interest for 2010, and thus a 1098 for tax year 2010 was not produced. (Pursuant to March 9, 2011 letter in response to OCC Complaint from Karla York, Customer Advocate, Office of the CEO and President.)*

21. Office of the Comptroller of the Currency
    Customer Assistance Group
    1301 McKinney Street
    Suite 3450
    Houston, TX  77010-9050

    *All facts regarding Plaintiff's Complaint regarding Bank of America Case # 01441440.*

22. Daniel Truxell, Mortgage Banker
    Quicken Loans, Inc.
    1050 Woodward Avenue
    Detroit, MI  48226-1906
    (800) 226-6308 Ext. 68196

    *All facts relating to the December 16, 2010 denial of Plaintiff's home loan application account #3240200638 based upon a CredStar Consumer Report.*

23. Employees of CredStar
    6350 Laurel Canyon Blvd., 4th Floor
    North Hollywood, CA  91606
    (818) 762-6262

    *All facts relating to Plaintiff's credit information provided to Quicken Loans, Inc.*

24. Craig Fay
    c/o Plaintiff's Counsel
    Consumer Litigation Associates, P.C.
    763 J. Clyde Morris Blvd., Suite 1-A
    Newport News, VA  23601

    *Plaintiff's husband – All facts regarding the facts outlined in the Plaintiff's Complaint.*

5

25.     Aaron Firova
        c/o Plaintiff's Counsel
        Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA  23601

> ***Plaintiff's son– All facts regarding the Plaintiff's emotional distress regarding Bank of America's relentless phone calls and false negative reporting of the Plaintiff's BOA mortgage on Plaintiff's credit reports.***

26.     Susan Cherwa
        c/o Plaintiff's Counsel
        Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA  23601

> ***Plaintiff's sister – All facts regarding the Plaintiff's emotional distress regarding Bank of America's relentless phone calls and false negative reporting of Plaintiff's BOA mortgage on the Plaintiff's credit reports.***

23.     Elizabeth Kovach
        c/o Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA  23601
        (757) 930-3660

> ***All facts regarding her previous federal lawsuit against Bank of America in the EDVA – Richmond Division.***

24.     Jason Sheridan
        c/o Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA  23601
        (757) 930-3660

> ***All facts regarding his previous federal lawsuit against Bank of America in the EDVA – Richmond Division.***

25.     Rachid Naim
        c/o Surovell Isaacs Petersen & Levy PLC
        4010 University Dr., Suite 200
        Fairfax, VA 22030
        ( 703) 251-5400

> ***All facts regarding his previous federal lawsuit against Bank of America in the EDVA – Richmond Division.***

26.    David Smith
       c/o Consumer Litigation Associates, P.C.
       763 J. Clyde Morris Blvd., Suite 1-A
       Newport News, VA  23601
       (757) 930-3660

                   ***All facts regarding her previous federal lawsuit against Bank of
                   America in the EDVA – Richmond Division.***

27.    Nicole Sharrett
       c/o Surovell Isaacs Petersen & Levy PLC
       4010 University Dr., Suite 200
       Fairfax, VA 22030
       ( 703) 251-5400

                   ***All facts regarding her federal lawsuit against Bank of
                   America in the EDVA – Alexandria Division***.

28.    Robert Brooking
       c/o Surovell Isaacs Petersen & Levy PLC
       4010 University Dr., Suite 200
       Fairfax, VA 22030
       ( 703) 251-5400

                   ***All facts regarding his federal lawsuit against Bank of
                   America in the EDVA – Alexandria Division.***

29.    Susan Brooking
       c/o Surovell Isaacs Petersen & Levy PLC
       4010 University Dr., Suite 200
       Fairfax, VA 22030
       ( 703) 251-5400

                   ***All facts regarding her federal lawsuit against Bank of
                   America in the EDVA – Alexandria Division.***

30.    Carrie Lee Arthur
       c/o Surovell Isaacs Petersen & Levy PLC
       4010 University Dr., Suite 200
       Fairfax, VA 22030
       ( 703) 251-5400

                   ***All facts regarding her federal lawsuit against Bank of
                   America in the EDVA – Alexandria Division.***

31.   Adelina Rocabruna
      c/o Surovell Isaacs Petersen & Levy PLC
      4010 University Dr., Suite 200
      Fairfax, VA 22030
      ( 703) 251-5400

            ***All facts regarding her federal lawsuit against Bank of
            America in the EDVA – Alexandria Division.***

32.   Miguel Rocabruna
      c/o Surovell Isaacs Petersen & Levy PLC
      4010 University Dr., Suite 200
      Fairfax, VA 22030
      ( 703) 251-5400

            ***All facts regarding his federal lawsuit against Bank of
            America in the EDVA – Alexandria Division.***

33.   Steven Orebaugh
      c/o Surovell Isaacs Petersen & Levy PLC
      4010 University Dr., Suite 200
      Fairfax, VA 22030
      ( 703) 251-5400

            ***All facts regarding his federal lawsuit against Bank of
            America in the EDVA – Richmond Division.***

34.   Elizabeth Orebaugh
      c/o Surovell Isaacs Petersen & Levy PLC
      4010 University Dr., Suite 200
      Fairfax, VA 22030
      ( 703) 251-5400

            ***All facts regarding his federal lawsuit against Bank of
            America in the EDVA – Richmond Division.***

35.   Lisa Louison
      c/o Surovell Isaacs Petersen & Levy PLC
      4010 University Dr., Suite 200
      Fairfax, VA 22030
      ( 703) 251-5400

            ***All facts regarding her pending federal lawsuit against Bank of
            America in the EDVA – Alexandria Division.***

36.     Any and all consumers that have applied for a Home Affordable
        Modification Program with Bank of America, which thereafter resulted in
        the consumer filing a lawsuit against Bank of America for violations of the
        Real Estate Settlement Procedures Act, Fair Credit Reporting Act, and/or
        defamation.

37.     Evan Hendricks
        8321 Tomlinson Avenue
        Bethesda, MD 20817

        ***Expert Witness***

38.     Unknown persons as may be revealed in discovery.

39.     All witnesses identified by the Defendants.

## II.  Description of documents in possession of the Plaintiff:

        Other than those documents obtained from any Defendant in discovery, the Plaintiff has
the following documents in her possession and control:

        Plaintiff's Bate Stamp Nos.  000001 – 000274 – *Plaintiff's counsel will forward
Plaintiff's Bate Stamped Exhibits under separate cover*

| Document Type | Bate Stamp # |
|---|---|
| Plaintiff's Original Loan documents | 000001 - 000020 |
| Bank of America Correspondence | 000021 - 000105 |
| E-mails to and from Bank of America Employees | 000106 - 000129 |
| Bank of America – Loan History Statements | 000130 - 000152 |
| Bank of America – Online Transaction History and Monthly Statements | 000153 - 000177 |
| Bank of America – Loan Modification Information | 000178 - 000193 |
| April 1, 2011 – Experian Tri-Merge Online Credit Report | 000194 - 000216 |
| Trans Union Dispute and Investigation Results | 000217 – 000229 |
| Equifax Dispute and Investigation Results | 000230 - 000235 |
| Experian Consumer Disclosure, Dispute and Investigation Results | 000236 - 000264 |
| December 16, 2010 – Denial Letter from Quicken Loans | 000265 - 000266 |
| Correspondence regarding Complaint with Office of the Comptroller of the Currency (OCC) | 000267 – 000274 |
| Documents received from CDIA pursuant to Subpoena and disclosed on or about October 9, 2012 in the matter of *Adelina C. Rocabruna and Miguel A. Rocabruna v. Bank of America, N.A.,*  Civil Action No: 1:12-cv-00506: <br> 2009 FullMarchCreditReportingResourceGuide.pdf; <br> 2012 CRRG Bulletin.docx; <br> 2012 CRRG Bulletin.pdf; <br> CDIA Fair Credit Reporting Act- Confidential.pdf; <br> CRRG 2012-2013.pdf; <br> CRRG Revisions 2012-2013.pdf; <br> Emails.pdf; | |

| FCRAcertificationstudyguide1.pdf;<br>FCRAstudyguide2.pdf;<br>Invoices.pdf;<br>Mortgage Home Equity Reporting Guidelines 2012 O5.pdf;<br>Coverletter from Webster Chamberlain and Authentication<br>Affidavit;<br>Teleseminars.docx | |

## III.     Computation of Damages

Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.  *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

a.     Categories and Types of Actual Damages

i.    Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

ii.    Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

iii.    Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

iv.    Plaintiff has suffered general damages in the form of damage to reputation.

v.    Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

vi.    Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in her credit reports.

vii.    The damage to Plaintiff's credit score may also have impacted the interest rates he has on current loans, credit she has requested during this ordeal, if applicable, or caused decreased credit limits on existing accounts.

viii.    Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with its statutory obligations including telephone calls, writing letters, sending faxes.

ix.    Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

x.    Plaintiff has also suffered embarrassment from having to explain the circumstances to potential creditors as well.

xi.    Plaintiff suffers anxiety when considering seeking additional credit because she

believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

b.     Case Law Supporting Actual Damages

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union*, No. 3:01-cv-191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.*, No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court*, Creek County, Sapulpa Division, State of Oklahoma, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages)

*Drew v. Equifax*, No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*,  (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, 297 F. Supp.2d 1196 (E.D. Mo. 2003)($87,000 actual damages award).

*Adams v. Phillips*, 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047978 (S.D. Fla. 2008)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.      Specific examples of credit denials/ adverse actions

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in her credit files.

Plaintiff was denied for a refinance with Quicken Loans on or about December 16, 2010.

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized contained the inaccurate derogatory account and inaccurate information at issue in this case.

d.      Punitive Damages

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, the testimony of her witnesses and through the testimony of the employees of the Defendants against whom such damages are sought.

e.      Case Law Supporting Punitive Damages

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

13

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003) ($250,000 in punitive damages award was appropriate under FCRA);
*Brimm v. Midland Credit Management, Inc.*, No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court*, Creek County, Sapulpa Division, State of Oklahoma, No. CJ 00 227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A.*, 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*, Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

Respectfully submitted,

**TAMMY L. FAY**
_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

Susan Mary Rotkis, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian Emory Pumphrey
McGuire Woods, LLP
901 E. Cary Street
Richmond, VA  23219-4030
E-mail:  bpumphrey@mcguirewoods.com

Jeffrey Dean McMahan, Jr.
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA  23219
E-mail:  jmcmahan@mcguirewoods.com

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA  23230
E-mail:  jmontgomery@jwm-law.com

Michael Robert Ward
Morris & Morris, PC
11 South 12th Street
5th Floor
P.O. Box 30
Richmond, VA  23218
E-mail:  mward@morrismorris.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
E-mail:  david.anthony@troutmansanders.com

                                    _____/s/_____
                                    Leonard A. Bennett, Esq., VSB #37523
                                    Attorney for Plaintiff
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    763 J. Clyde Morris Boulevard, Suite 1-A
                                    Newport News, Virginia 23601
                                    (757) 930-3660 - Telephone
                                    (757) 930-3662 – Facsimile
                                    E-mail:  lenbennett@clalegal.com